PER CURIAM.
Appellant, Unigard Security Insurance Company, (Unigard) appeals a final judgment in favor of appellees, Efren Diaz Sa-linero (Diaz Salinero), and Jaime Edelstein, M.D., P.A. (Edelstein), in a subrogation/in-demnity action. We reverse.
Edelstein leased an automobile from World Omni Leasing (World Omni), under a long-term lease agreement. Edelstein authorized Diaz Salinero to drive the car. Diaz Salinero was involved in an accident while driving the leased car. Edelstein and World Omni settled the claim arising from that accident.
The lease agreement between Edelstein and World Omni provided that Edelstein would indemnify World Omni for all losses arising out of the use of the vehicle. Uni-gard insured World Omni and retained sub-rogation rights to collect indemnity on behalf of World Omni. Unigard paid the settlement on behalf of World Omni and seeks indemnity from Edelstein and Diaz Salinero.
The underlying issue in this case involves the liability of a lessor of a vehicle under a long-term lease, in an automobile accident. Basing its opinion on Kraemer v. General Motors Acceptance Corporation, 556 So.2d 431 (Fla. 2d DCA 1989), the trial court held that Unigard had no right of subrogation because the lessor, its insured, was not legally liable for the accident.
After the trial court made its ruling, the Florida Supreme Court reviewed Kraemer v. General Motors Acceptance Corporation, 572 So.2d 1363 (Fla.1990), and held that a long-term lessor of an automobile may be held liable to a plaintiff injured by the operation of the automobile. See also Kottmeier v. General Motor Acceptance Corporation, 575 So.2d 1293 (Fla.1991).
Since potential liability existed for World Omni, World Omni can subrogate its claim for indemnity to Unigard. Accordingly, we reverse and remand.
Reversed and remanded.